**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JAYSON EPPS, | 3:07-cv-00361-KJD-VPC |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| JOHN JERMYN, *et al.*, | |
| Defendants. | January 29, 2009 |

This Report and Recommendation is made to the Honorable Kent J. Dawson, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion for summary judgment (#24). Plaintiff opposed (#27) and defendants replied (#28). The court has thoroughly reviewed the record and the motions and recommends that defendants' motion for summary judgment (#24) be granted as to all counts.

**I. HISTORY & PROCEDURAL BACKGROUND**

Plaintiff Jayson Epps ("plaintiff"), acting *in pro se*, is currently a prisoner at Ely State Prison ("ESP") in the custody of the Nevada Department of Corrections ("NDOC") (#9). Plaintiff brings his first amended complaint pursuant to 42 U.S.C. § 1983, alleging that prison officials retaliated against him after he exercised his First Amendment rights while incarcerated at Nevada State Prison ("NSP"). *Id*. Plaintiff names as defendants John Jermyn, NSP Correctional Officer; Lieutenant William Shaw, NSP Correctional Officer; Sergeant Richard Stalnaker, NSP Correctional Officer; Bill Donat, NSP Warden; and James Baca, NSP Associate Warden. *Id*. The suit is brought against all defendants in their individual capacities. *Id*.

In count I, plaintiff states that on January 30, 2007, he submitted a grievance against defendant Jermyn. Plaintiff alleges that on February 4, 2007, defendant Jermyn submitted "a frivolous notice of charges against plaintiff" in retaliation for the grievance. *Id*. In count II, plaintiff alleges that defendants Jermyn, Stalnaker, and Shaw conspired to intentionally expedite

1  plaintiff's disciplinary hearing, which violated AR 707, and that plaintiff was illegally held in
2  disciplinary segregation for fifteen days as a result. *Id*. Plaintiff claims that defendants expedited
3  his hearing in retaliation for plaintiff's use of the grievance system against defendant Jermyn. *Id*.
4  In count III, plaintiff alleges that defendant Shaw, Donat, and Baca initiated plaintiff's transfer
5  from NSP to ESP in retaliation for plaintiff's filing of the instant lawsuit. *Id*. Specifically,
6  plaintiff claims that defendants' allegation that he ordered an assault on another inmate was
7  fabricated and made in retaliation for plaintiff's filing suit against them.

8  The court notes that the plaintiff is proceeding *pro se*. "In civil cases where the plaintiff
9  appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit
10 of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see
11 also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

### A.   Discussion

#### 1.   Summary Judgment Standard

Summary judgment allows courts to avoid unnecessary trials where no material factual disputes exist. *Northwest Motorcycle Ass'n v. U.S. Dept. of Agriculture*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court grants summary judgment if no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(C). In deciding whether to grant summary judgment, the court must view all evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). In inmate cases, the courts must

> [d]istinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 526, 126 S.Ct. 2572, 2576 (2006). Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

The moving party bears the burden of informing the court of the basis for its motion, and submitting evidence which demonstrates the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings but must set forth specific facts showing that there exists a genuine issue for trial. *Anderson*, 477 U.S. at 248. Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

### 2. First Amendment Retaliation

Prisoners have a right to meaningful access to the courts, and prison authorities may not penalize or retaliate against an inmate for exercising this right. *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). Prison officials may be sued under Section 1983 for retaliating against a prisoner for exercising his or her constitutional rights. *Pratt v. Rowland*, 65 F.3d 802, 806 & n.4 (9th Cir. 1995). A retaliation claim involves five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2004).

Although an inmate alleging a retaliatory transfer has "no constitutionally-protected liberty interest in being held at, or remaining at, a given facility," an inmate need not establish "an independent constitutional interest in...assignment to a given prison...because the crux of his claim is that state officials violated his *First Amendment* rights by retaliating against him for his protected speech activities." *Pratt*, 65 F.3d at 806 (emphasis in original). Retaliation claims must be evaluated in light of the deference accorded to prison officials. *Id*. at 807. The inmate bears the burden of pleading and proving the absence of legitimate correctional goals for the alleged retaliatory action. *Id*. at 806; *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003). The Ninth

3

1  Circuit has recognized that "timing can properly be considered as circumstantial evidence of
2  retaliatory intent." *Pratt*, 65 F.3d at 808.

3        **3.**      **Conspiracy**

4      Pursuant to 42 U.S.C. § 1985, a plaintiff has a cause of action if two or more state actors
5  conspire to deprive him of his constitutional rights. 42 U.S.C. § 1985(3). A claim under section
6  1985 must allege facts to support the allegation that defendants conspired together, and a mere
7  allegation of conspiracy without factual specificity is insufficient. *See Johnson v. State of*
8  *California*, 207 F.3d 650, 655 (9th Cir. 2000), *citing Karim-Panahi*, 839 F.2d at 626.

9    **B.**      **Analysis**

10       **1.**      **Count I**

11     Plaintiff alleges that defendant Jermyn wrote a "frivolous notice of charges" against him
12 in retaliation for his use of the grievance process (#9). Plaintiff states that as a result of this notice
13 of charges, he was illegally detained in disciplinary segregation for fifteen days, which caused
14 plaintiff to be terminated from his college courses, lose college tuition and suffer a "setback in
15 the prison level system." *Id*. p. 7. Defendants contend that defendant Jermyn issued a notice of
16 charges against plaintiff because plaintiff was on "the ramp" in the lower yard at NSP, an area
17 where plaintiff was not authorized to be, and not in retaliation for plaintiff's protected conduct
18 (#24, p. 7). Defendants state that other inmates, who were also in the unauthorized area with
19 plaintiff, were also issued notices of charges, and that there is no evidence that any of the other
20 inmates also filed grievances against defendant Jermyn. *Id*. Plaintiff responds that he was never
21 in an unauthorized area and never admitted to being in an unauthorized area (#27, p. 9). Plaintiff
22 claims that there is a tape recording of his disciplinary hearing that proves that he never admitted
23 to being on the lower yard, which in turn proves that defendant Jermyn retaliated against him.
24 *Id*. Defendants maintain that "plaintiff has presented no objective evidence to show he was issued
25 a notice of charges in retaliation for filing a grievance" (#27, p. 2). Additionally, plaintiff has
26 never before stated that defendants had fabricated his inmate statement at his preliminary hearing.
27 *Id*. p. 2, n. 1.

28     Defendants submit the notice of charges, which states that defendant Jermyn found

4

1  plaintiff among a group of inmates on the lower yard, that plaintiff was not authorized to be there,
2  and that defendant Jermyn had once previously found plaintiff on the lower yard, and had warned
3  him that he was not authorized to be there. *Id*. exh. E. Defendants also submit the declaration of
4  defendant Jermyn, in which he states that he also "issued notices of charges to the other inmates
5  who were also on the ramp in violation of institutional regulations." *Id*. exh. K. Further, defendant
6  Jermyn states that he did not know plaintiff had filed a grievance against him when he issued the
7  notice of charges. *Id*. Defendants also submit the "summary of preliminary hearing officer's
8  inquiry and disposition," which indicates that in response to the notice of charges, plaintiff's
9  statement was that he was "on the ramp, not on the lower yard." *Id*. exh F.

10      Viewing the evidence in the light most favorable to plaintiff, the court concludes that there
11 are no issues of fact as to whether defendant Jermyn issued the notice of charges for legitimate
12 security reasons rather than in retaliation for plaintiff accessing the grievance process. Plaintiff
13 has presented no evidence to indicate that defendant Jermyn knew of plaintiff's grievance against
14 him. Defendants have presented a sworn statement that defendant Jermyn was unaware of the
15 grievance until after he issued the notice of charges (#24, exh. K, *see also*, #27, exh.O, response
16 2 and 5 (stating that defendant Jermyn did not know plaintiff had filed a grievance against him
17 until he was interviewed by a grievance investigator and that caseworker (CCSI) Keith did not
18 call defendant Jermyn to inform him that plaintiff had filed a grievance)). Additionally, plaintiff
19 has presented no evidence to demonstrate that the notice of charges against him was frivolous or
20 fabricated. The record of plaintiff's preliminary disciplinary hearing indicates that plaintiff stated
21 that he "was on the ramp." Plaintiff appeared to disagree that the ramp is part of the lower yard,
22 but made no statement that defendants fabricated the charge against him. Plaintiff offers no
23 evidence to rebut defendants' claim that plaintiff was in the lower yard. If plaintiff was in an
24 unauthorized area, the prison would have a legitimate correctional interest in writing a notice of
25 charges against him. Plaintiff has not demonstrated that the prison's policy of not allowing all
26 inmates in certain areas fails to advance a legitimate correctional goal. Further, plaintiff has
27 presented no evidence to demonstrate that he was being singled out and retaliated against even
28 though numerous other inmates were issued notices of charges at the same time and for the same

reason as plaintiff. There are no issues of fact, and summary judgment is granted as to count I.

**2.      Count II**

Plaintiff alleges that defendants Stalnaker and Shaw conspired to purposefully expedite the disciplinary process and held his hearing early in retaliation for the grievance plaintiff filed against defendant Jermyn (#9). As in count I, plaintiff claims that his illegal detention in disciplinary segregation caused plaintiff to be terminated from college courses, to lose college tuition, and to suffer a set back in the prison level system. *Id*. p. 9. Administrative Regulation ("AR") 707, which governs the inmate disciplinary process, states that an inmate will have "at least 24 hours prior to any formal hearing before an impartial Disciplinary Hearing Officer a Notice of Charges will be served." AR 707.01 § 1.9, #24, exh. A. Defendants concede that plaintiff's disciplinary hearing was held less than twenty-four hours after plaintiff received his notice of charges, "outside of the time frame prescribed by AR 707." *Id*. p. 8. However, defendants contend that this was inadvertent error, not retaliation, and that plaintiff cannot prove "a causal relationship between the grievance he filed against Officer Jermyn and his expedited disciplinary hearing" because defendant Shaw did not know of the grievance when he ordered the hearing. *Id*.

Plaintiff responds that during his preliminary disciplinary hearing, he informed defendant Stalnaker of the grievance and his belief that it was retaliatory (#27, p. 10). Since defendant Shaw is a lieutenant, a high ranking officer, defendant Stalnaker would have told defendant Shaw about plaintiff's retaliation allegation. *Id*. Plaintiff asserts that this information proves a causal relationship between the grievance and the expedited disciplinary hearing. *Id*. p. 11.

Defendants contend that plaintiff's implication that defendant Shaw would have known about plaintiff's statement at his preliminary hearing because he is in a supervisory position "is an unsupported leap of logic" (#28, p. 3). Further, "there is no evidence that defendant Shaw knew of plaintiff's beliefs prior to serving as the hearing officer for plaintiff's disciplinary hearing," and defendant Shaw has denied knowing plaintiff's grievance was filed before the disciplinary hearing. *Id*. Therefore, because defendant Shaw did not know of the grievance until the hearing, "it is not possible that Lieutenant Shaw held an early disciplinary hearing based on

1 retaliatory motive." *Id*.

2     Defendants submit defendant Shaw's responses to plaintiff's first set of interrogatories. *See id*. exh. J. Defendant Shaw states that prior to plaintiff's February 5, 2007, disciplinary hearing, he was unaware that plaintiff had filed a grievance against defendant Jermyn, and thus did not expedite plaintiff's hearing because of the grievance. *Id*. resp. 1, 6. As previously noted, defendants also submit the "summary of preliminary hearing officer's inquiry and disposition," which indicates that in response to the notice of charges, plaintiff's statement was that he was "on the ramp, not on the lower yard." *Id*. exh F. Plaintiff's claimed statement to defendant Stalnaker that plaintiff believed the notice of charges to be retaliatory is not noted on the preliminary hearing form. *See id*.

11     Even viewing the evidence in the light most favorable to plaintiff, plaintiff has presented no conclusive evidence that defendant Shaw was aware of plaintiff's retaliation claim before he saw plaintiff at the disciplinary hearing. It is unclear why defendant Shaw held plaintiff's disciplinary hearing less than twenty-four hours after defendants issued the notice of charges, but there is no evidence that defendant Shaw knew of plaintiff's grievance against defendant Jermyn or acted with retaliatory motive. Defendant Shaw denies he knew of plaintiff's retaliation claim, and the fact that he is in a supervisory position does not, without more evidence rebut his claim or prove that he knew of the claim. Additionally, plaintiff alleged in his complaint that defendants Stalnaker and Shaw conspired to retaliate against him for exercising his Constitutional rights (#9, p. 9). Even giving the full benefit of the doubt to plaintiff, the court finds that there is absolutely no evidence that the defendants made an agreement or had a "meeting of the minds" to retaliate against plaintiff for exercising his Constitutional rights. Because plaintiff has not introduced evidence sufficient to raise any issues of fact, summary judgment is granted as to count II.

### 3. Count III

25     Plaintiff alleges that defendants Shaw, Baca, and Donat fabricated false allegations against him and transferred him to ESP in retaliation for plaintiff's filing the instant lawsuit (#9, p. 11). Defendants assert that plaintiff was actually transferred to ESP because prison officials received reliable information that plaintiff intended to assault another inmate (#24, p. 9). None of the

1  defendants knew of the lawsuit until February 2008, six months after the transfer took place,
2  making it impossible for plaintiff's transfer to be retaliatory. *Id*. Although plaintiff filed his suit
3  on August 13, 2007, the court did not notify the Office of the Attorney General of the suit until
4  February 4, 2008, and the Office of the Attorney General did not inform defendants until February
5  27, 2008. *Id*. Plaintiff claims that defendants indicated their knowledge of a suit as early as
6  August 22, 2007, in a reply to one of plaintiff's grievances (#27, p. 11)[1]. Additionally, defendant
7  Baca signed the grievance on August 27, 2008, and  "three days later, took plaintiff to full
8  classification and classified plaintiff to Ely maximum security. *Id*. Defendants contend that even
9  if defendant Baca knew of plaintiff's lawsuit on August 22, 2007, this does not help plaintiff
10 prove retaliatory motive, because prison officials moved plaintiff into administrative segregation
11 in anticipation of transfer on August 20, 2007, before plaintiff's grievance (#28, p. 4).

12      Even viewing the evidence in the light most favorable to him, plaintiff has not
13 demonstrated that issues of fact exist as to why plaintiff was transferred to ESP. Plaintiff's case
14 notes indicate that plaintiff was placed in administrative segregation on August 20, 2007,
15 "pending an investigation for ordering an assault on another inmate at NSP...claims that because
16 he has a lawsuit against the Department, that is why he is locked up. Remain Ad-Seg pending
17 outcome of the investigation" (#24, exh. C, p. 49). Later notes indicate that plaintiff was
18 suspected of "call[ing] a hit" on another inmate, and that officials at NSP would not issue a notice
19 of charges because confidential information would have to be revealed if they did, and that due

---

[1]Plaintiff also attaches the "Notice of Electronic Filing, which the court sent to plaintiff notifying him that the case was received and the case number assigned (#27, exh. E). This Notice states that "Notice has been delivered by other means to: William Shaw." *Id*. In his complaint, plaintiff states that the court gave notice to defendant Shaw on August 13, 2007, the day plaintiff filed his lawsuit (#9, p. 11). The court believes that defendant Shaw's name was erroneously included in the Notice of Electronic Filing due to a computer error. Ordinarily, the name and address of the party who filed a pleading is included where defendant Shaw's name appears (for example, see Notice of Electronic Filing for docket #9, which includes plaintiff's name and address). The Clerk of Court does not have defendant Shaw's address and thus could not have directly notified him of the action. The court screened plaintiff's complaint and filed his amended complaint on February 4, 2008. The Office of the Attorney General accepted service for all defendants on February 22, 2008 (#10). The court did not notify any individual defendants of the instant suit, and only notified the Office of the Attorney General after screening.

1  to plaintiff's prior history, the classification committee recommended that plaintiff be transferred
2  to ESP. *Id*. Additionally, in defendant Baca's declaration, he states that he learned that plaintiff
3  was planning to assault another inmate on August 20, 2007, and that plaintiff was transferred to
4  "safeguard the safety and security of NSP." *Id*., exh. L.

5  Plaintiff disputes that he was transferred for safety and security reasons. However,
6  plaintiff has presented no evidence to indicate that defendants knew of plaintiff's suit before he
7  was placed in administrative segregation on August 20, 2007; therefore, he has failed to establish
8  any retaliatory motive. Further, defendants have demonstrated a legitimate penological interest
9  for transferring plaintiff. Based on plaintiff's record of harassment and fighting (*see* case notes,
10 *id*. exh. C), and defendants' contention that their source of information was reliable, it is
11 reasonable that defendants believed plaintiff was a threat to the safety of an inmate. The evidence
12 reveals that defendants transferred plaintiff to ESP based on security concerns, rather than in
13 retaliation for plaintiff's filing of the instant lawsuit. Plaintiff has presented no evidence to
14 suggest otherwise. Therefore, the court grants defendants' motion for summary judgment as to
15 count III.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that:

1. There are no issues of fact as to whether defendant Jermyn issued plaintiff a notice of charges because plaintiff had filed a grievance against him. Defendant claims to have not known of the grievance when he wrote the notice of charges and plaintiff does not appear to have been singled out. Therefore, there is no indication of retaliatory motive;

2. There are no issues of fact as to whether defendants Stalnaker and Shaw conspired to expedite plaintiff's disciplinary hearing in retaliation for plaintiff's use of the grievance system. Defendant Shaw claims to have been unaware of plaintiff's retaliation claim and plaintiff has not presented any evidence to the contrary;

3. There are no issues of fact as to whether defendants transferred plaintiff to ESP in retaliation for plaintiff's filing the instant lawsuit. Defendants claim to have been unaware of the suit when plaintiff was placed in administrative segregation and the transfer was initiated, and plaintiff has suggested no evidence of retaliatory motive;

As such, the court recommends that defendants' motion for summary judgment (#24) be

**GRANTED** as to all counts.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion for summary judgment (#24) be **GRANTED** as to all counts.

**DATED:** January 29, 2009.

_____
**UNITED STATES MAGISTRATE JUDGE**